IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES M. MARTIN, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 1:06-CV-63(WLS) |
| KEVIN ROBERTS, Warden | : |
| Defendant. | : |

**O R D E R**

Pending in this § 1983 action brought by a State of Georgia prisoner is his motion to compel discovery. This motion, for the multiple reasons set out below is **DENIED.**

As pointed out by defense counsel plaintiff did not serve this motion upon him as required by the Federal Rules of Civil Procedure even though the motion filed with the court is accompanied by a certificate of service. This can only be interpreted by the court as an act of fraud and deceit upon the court. In the event plaintiff files any other documents in this matter bearing a certificate of service when in fact he has failed to serve defense counsel, the undersigned will immediately recommend dismissal of plaintiff's complaint with prejudice. Plaintiff is hereby reminded of the instructions given by the court in its order of April 26, 2006, regarding filing and service of motions, pleadings, discovery and correspondence:

> It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address),

        when such service was made and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).  The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

It does not appear that any discovery requests had been served upon defendant or his counsel at the time that plaintiff filed his motion to compel discovery.  Therefore plaintiff lacked standing to file his motion when he did.  Plaintiff is again reminded of the directions regarding discovery beginning on page four of the order entered herein on April 26, 2006.

Finally, plaintiff's motion does not appear to contain the required Federal Rule of Civil Procedure 37(a)(2)(A) certification of his good faith effort to attempt to resolve the discovery dispute without involving the court.

SO ORDERED, this 18th day of October 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE