**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : |                          |
|                          | : |                          |
| **JAMES M. MARTIN,**     | : |                          |
|                          | : |                          |
| **Plaintiff,**           | : |                          |
|                          | : | **CIVIL ACTION FILE**    |
| **VS.**                  | : | **NO.  1:06-CV-63(WLS)** |
|                          | : |                          |
| **KEVIN ROBERTS, Warden**| : |                          |
|                          | : |                          |
|                          | : |                          |
| **Defendant.**           | : |                          |

# O R D E R

Plaintiff has filed a motion herein which in the caption is styled "Motion Take Judicial Notice." The first sentence in the body of the motion states, "Plaintiff Request Court Rule on Federal Rule of Civil Procedure: Rule 26(a)(1)(B); 26(a)(2); 26(a)(2)(B); 26(b)(3); 26(b)(4) and 26(c), Where No Deposition Nor Interrogatories Haw Been Taken in Lieu of Relevant V. Admissible Evidence."

After having read this "motion" numerous times the court must reluctantly admit that it simply does not understand the relief which is being sought by the plaintiff. For this reason plaintiff's motion is **DENIED** as pled. Plaintiff may, if he wishes, attempt to file a replacement motion that is more concise and coherent.

In the event the plaintiff is complaining that a docketing clerk committed prejudicial error as to him by revealing to the defendant that plaintiff filed a motion to compel discovery, the court can only state that a motion to compel discovery must be served upon the adverse party by the party filing same. Additionally, plaintiff is referred to Local Rule of the United States District Court for the Middle District of Georgia 26(c)(1) wherein it is stated that actions

maintained without counsel by persons in custody of the State of Georgia are exempt from the

Rule 26 scheduling/discovery order requirements.

SO ORDERED, this 22nd day of March 2007.


*__Richard L.. Hodge__*_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE