**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **JAMES M. MARTIN,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE** |
| **VS.** : | **NO. 1:06-CV-63(WLS)** |
| : | |
| **KEVIN ROBERTS, Warden** : | |
| : | |
| : | |
| **Defendant.** : | |

## RECOMMENDATION and ORDER

Plaintiff has filed a document which he has styled as "Relevant Evidence" Arising From

"Unconstitutional Acts." He has also labeled this filing as a Writ of Mandamus. In the first

paragraph plaintiff states he is seeking injunctive relief, i.e., that the officials at Calhoun State

Prison take whatever steps as may be necessary to keep him from being exposed to

environmental cigarette smoke. With regard to the injunctive relief being sought here it is noted

that the defendant is no longer the warden at Calhoun State Prison. Assuming, however that the

defendant is being sued in both his individual and official capacities, plaintiff's prayers for

injunctive relief would survive the transfer of the defendant. The relief sought by the plaintiff is

essentially the same relief he seeks in his complaint.

In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial

likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the

injunction issues; (3) the threatened injury to the movant outweighs whatever damage the

proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be

adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir.

1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir. 1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson County, 720 F.2d1511, 1519 (11th Cir. 1983).

A review of the plaintiff's motions reveals no basis for the issuance of injunctive relief. The plaintiff has not established that he will suffer irreparable injury in the absence of injunctive relief or that no other relief is available to address his alleged injuries. Plaintiff has also failed to show that there is a substantial likelihood that he will prevail on the merits.  He has done nothing more than to re-allege the gravamen of his complaint.  Accordingly it is the

**RECOMMENDATION** of the undersigned that plaintiff's motion for injunctive relief be **DENIED.**

A portion of plaintiff's filing might be considered to be a motion to compel the production of certain S.O.P.s (Standard Operating Procedures).  To the extent that plaintiff does intend for this document to be a motion to compel it must be denied for want of a certification showing that the plaintiff has made a good faith effort to confer with the defendant in an effort to obtain the requested materials without court action as required by Federal Rule of Civil Procedure 37(a)(2)(B).  The motion to compel portion of this filing, if that is what it is, is **DENIED**

SO RECOMMENDED and ORDERED, this 7th day of August 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE