# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

|  |  |  |
|---|---|---|
| **JAMES M. MARTIN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO. 1:06-CV-63 (WLS) |
| | : | |
| **KEVIN ROBERTS,** | : | |
| | : | |
| Defendant. | : | |

## RECOMMENDATION

This is a Title 42 U.S.C. § 1983 action brought by a State of Georgia prisoner who is proceeding *pro se*. His sole complaint is his exposure to second-hand or environmental tobacco smoke ("ETS") at the prison where he is housed. Plaintiff has now filed a motion in which he seeks to have his lawsuit certified as a class action (R. at 77). He has now evidently decided that he wants to represent the interests of all other inmates at his institution who are also complaining about their exposure to ETS.

It is plain error to permit an inmate who is proceeding *pro se* to represent the interests of his fellow inmates in a class action. This is because the courts consider the competence of an individual representing himself to be too limited to allow him to risk the rights of others. Oxendine v. Williams, 509 F. 2d 1405, 1407 (4th Cir. 1975); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972); Fymbo v. State Farm Fire and Cas. Co., 213 F. 3d 1320, 1321 (10th Cir. 2000); Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005).

In view of the above cited authority plaintiff's motion for class certification must be **DENIED.** It naturally follows that the undersigned **RECOMMENDS DENIAL** of plaintiff's motion for class certification. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written

objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 19th day of May 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE