IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JAMES M. MARTIN,

      Plaintiff,

VS.

KEVIN ROBERTS,

      Defendant.

CIVIL ACTION FILE
NO. 1:06-CV-63 (WLS)

**ORDER and RECOMMENDATION**

This is a Title 42 U.S.C. § 1983 action brought by a State of Georgia prisoner who is proceeding *pro se*. His sole complaint is his exposure to second-hand or environmental tobacco smoke ("ETS") at the prison where he is housed. Plaintiff has filed a motion which he has styled "Plaintiff Request Leave of Court to File Re-Discovery, Submit Interrogatories, and Show Plaintiff Responded to Defendants Reply [Doc.48], Extension of Time to Respond to 'Relevant Acts,' Which was Motion Filed on February 12, 2007." (R. at 79).

In paragraph two of his 'motion' plaintiff states that "[t]he Federal Constitutionn states that this institution must provide me a smoke free environment." The undersigned simply can not find any reference to the plaintiff, the institution about which he complains or a smoke free environment contained within the United States Constitution.

After reading plaintiff's motion several times the undersigned is not sure what Re-Discovery is unless the plaintiff is asking the court to reconsider some of plaintiff's earlier filed motions which were denied. In this motion, as in the earlier denied motion to compel discovery (R. at 78) plaintiff seems to be of the opinion that this matter is now a class action inasmuch as he has moved for class certification. As was earlier stated in the Recommendation to Deny Class

Certification, it is plain error to allow a pro se litigant serve as a class representative, thus this matter is not now, nor will it ever be a class action with the plaintiff serving as the class representative. Therefore, if class certification would justify additional discovery, such is not the case here.

To the extent that plaintiff is seeking reconsideration of prior adverse rulings on motions he has filed that same is hereby **DENIED.** Again, to the extent that plaintiff is seeking reconsideration of previous adverse rulings his motion is untimely and further **DENIED** for that reason. Local Rule of this Court 7.6 requires that motions for reconsideration be filed within ten (10) days of the order for which reconsideration is sought. Until the week of May 12, 2008, the last order entered by the undersigned addressing any discovery issues in this case occurred on August 7, 2007. (R. at 66).

A portion of plaintiff's motion appears to request injunctive relief once again, this time seeking to require Calhoun State Prison to honor or enforce SOPIV09-001, which, according to plaintiff bans smoking in the dormitories at the prison. This is essentially the gravamen of plaintiff's complaint and essentially the same relief requested in plaintiff's motion at R. 48 wherein he sought injunctive relief to be placed in a smoke free environment. On August 7, 2007, the undersigned recommended that injunctive relief be denied (R. at 66). On September 6, 2007, the United States District Judge to whom this matter has been assigned adopted that recommendation without objection. (R. at 74). Plaintiff has offered nothing new in this current request for injunctive relief. He has made no showing that he is any more entitled to injunctive relief at this juncture of the case than he did previously. It is therefore the **RECOMMENDATION** of the undersigned that this motion seeking injunctive relief also be **DENIED.** Further the earlier recommendation to deny injunctive relief (R. at 66) is hereby

incorporated herein and made a part hereof. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED and RECOMMENDED,** this 20th day of May 2008.

<u>*/s/ Richard L. Hodge*</u>
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE