IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES M. MARTIN, | :|
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 1:06-CV-63(WLS) |
| KEVIN ROBERTS, Warden | : |
| Defendant. | : |

**RECOMMENDATION**

Pending at docket entry number 102 in this § 1983 action brought by a state prisoner who is proceeding *pro se* is a nineteen page motion which he has styled "Plaintiff Request Court Grant Preliminary Injunctive Relief Due to the Failure of Defendant to Disclose or Agree on the Production of Interrogatories and Give Rise to 'Class Action.'" In essence this is nothing more than yet another motion in which he seeks injunctive relief from exposure to Environmental Tobacco Smoke ("ETS") which is the gravamen of his underlying complaint, and evidently a request to certify this matter as a class action, apparently with plaintiff as the class representative.

A word about past procedural history seems to be in order here. On August 7, 2007, the undersigned recommended that essentially the same motion for injunctive relief be denied (R. at 67). This recommendation was adopted and made the order of this court on September 6, 2007, (R. at 74). Further, on May 19, 2008, the undersigned recommended that yet another motion seeking class certification with the plaintiff as class representative be denied for the reason that the case law is clear that a *pro se* litigant may not be designated as class representative (R. at

115). Inasmuch as that recommendation has been pending for only two weeks, it has not yet been considered to the district judge to whom this matter is assigned.

With regard to the injunctive relief being sought here it is noted that the defendant is no longer the warden at Calhoun State Prison. Assuming, however that the defendant is being sued in both his individual and official capacities, plaintiff's prayers for injunctive relief would survive the transfer of the defendant. The relief sought by the plaintiff is essentially the same relief he seeks in his complaint.

In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).

A review of the plaintiff's motions reveals no basis for the issuance of injunctive relief. The plaintiff has not established that he will suffer irreparable injury in the absence of injunctive relief or that no other relief is available to address his alleged injuries. Plaintiff has also failed to show that there is a substantial likelihood that he will prevail on the merits. He has done nothing

more than to re-allege the gravamen of his complaint.  Accordingly it is the

**RECOMMENDATION** of the undersigned that plaintiff's motion for injunctive relief be

**DENIED.**  It is also again **RECOMMENDED** that plaintiff's motion for class certification be

**DENIED** for the reasons set out in the recommendation pending herein at electronic docket

number 115.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this

recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN

TEN (10) DAYS of receipt thereof.

  **SO RECOMMENDED,** this 4th day of June 2008.


                */s/ Richard L. Hodge*
                RICHARD L. HODGE
                UNITED STATES MAGISTRATE JUDGE