IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES M. MARTIN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | 1:06-CV-00063 (WLS) |
| : | |
| KEVIN ROBERTS, Warden, Calhoun State : | |
| Penitentiary, Morgan, Georgia, : | |
| : | |
| Defendant. : | |
| _____ : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L. Hodge, filed November 20, 2008. (Doc. 161). Plaintiff has also filed a Motion for Change of Venue (Doc. 167), Motion for Request to Produce Record (Doc. 153), and a Motion for Declaratory Judgment (Doc. 158). It is recommended by Judge Hodge that Defendant's Motion for Summary Judgment (Doc. 133) be **GRANTED without prejudice**. Plaintiff has filed his written objection. (Doc. 165).

**DISCUSSION**

**I. Recommendation**

The procedural history and facts are set out in the Recommendation in detail. Plaintiff filed his claim against Defendant Kevin Roberts, Warden at Calhoun State Penitentiary ("hereinafter, CSP") early in 2006. Plaintiff's claim was initially filed in the Northern District of Georgia, but eventually was properly transferred to this Court. Plaintiff's claim alleges that he has been exposed to dangerous levels of environmental tobacco smoke (hereinafter, "ETS") inside CSP, correction officers failed to enforce prison regulations banning smoking inside prison buildings, violated his Eight Amendment rights, and were deliberately indifferent to his serious medical condition. Plaintiff states that he should be seen by a medical specialist outside CSP to determine the extent of damage to his lungs, throat and heart due to ETS exposure. Finding that Plaintiff failed to exhaust his

administrative remedies prior to initiating his suit against Roberts, summary judgment without prejudice was recommended by Judge Hodge.

In his objection, Plaintiff reiterates his alleged subjection to dangerous conditions- an environment permeated by tobacco smoke- and restates his allegations that CSP corrections officers have disregarded (via deliberate indifference) federal and Georgia regulations regarding prohibition of smoking in prison buildings. Plaintiff alleges that he filed grievances regarding continuous smoking inside prison buildings and alleges that he was prevented from filing grievances by Deputy Warden Cross, stating that Cross would not process informal grievances. Plaintiff denies that he sought to conduct discovery after the discovery period closed, and states that CSP did not produce evidence that he requested. Plaintiff states that he continues to be subjected to excessive levels of tobacco smoke by prisoners inside CSP and states that the prisoners smoke inside because they are not given adequate smoke breaks.

Plaintiff does not advance new arguments unavailable to Judge Hodge and his attached grievances were filed in 2007 and 2008, well <u>after</u> he instituted this action in 2006. Although Plaintiff states that he was prevented from conducting discovery, at the close of discovery Plaintiff did not seek to obtain the Court's permission to extend discovery with the Court's permission.

Upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 161) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Defendant's Motion for Summary Judgment (Doc. 133) is **GRANTED without prejudice**.

## II. Venue

Plaintiff's Motion for Change of Venue (Doc. 167) does not allege a proper basis for change of venue. Plaintiff mentions jurisdiction, states that he should be allowed to see a doctor to "prove that he has cancer in his throat," and reiterates his contention that he is exposed to tobacco smoke because prison officials do not enforce state policies. The actions that Plaintiff claims occurred arose at CSP, which is covered by the Middle District of Georgia. Since Plaintiff's claims are based upon federal rights and Constitutional violations, this Court has jurisdiction. Plaintiff has made no showing

adequate to require a change of venue. Therefore, Plaintiff's Motion for Change of Venue (Doc. 167) is denied.

## CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 133) is **GRANTED without prejudice**. Plaintiff's Motion for Change of Venue (Doc. 167) is **DENIED** Plaintiff's Motion for Declaratory Judgment (Doc. 158) and Motion for Request to Produce Record (Doc. 153) are **DENIED** as moot.

SO ORDERED, this  31st   day of March, 2009.

                                                 /s/ W. Louis Sands
                                          **THE HONORABLE W. LOUIS SANDS,**
                                            **UNITED STATES DISTRICT JUDGE**